| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>6 Campus Drive, Suite 304<br>Parsippany, New Jersey 07054<br>(973) 538-9300<br>Attorneys for Secured Creditor<br>PNC Bank, National Association<br>R.A. LEBRON, ESQ.<br>PN103<br>bankruptcy@fskslaw.com | |
| In Re:<br><br>WILLIAM F. HERTZKE, JR. and KAREN HERTZKE<br><br>    Debtor(s). | Case No.: 23-10104 MBK<br><br>Adv. No.:<br><br>Chapter: 13<br><br>Hearing Date: 01/29/2025<br><br>Judge: Hon. Michael B. Kaplan, Chief Judge<br><br>**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO CONFIRMATION OF DEBTOR'S MODIFIED CHAPTER 13 PLAN** |

I, Ray Anthony Lebron, Esq., do hereby certify as follows:

    1. I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for PNC Bank, National Association, (herein, "Secured Creditor"), and I am fully familiar with the facts and circumstances of the within matter.

    2. On December 27, 2024, a Chapter 13 Plan and Motions (the "Plan") was filed. *See* <u>ECF</u> No. 75. The Plan proposes the following treatment:

        (a) Part 1.c. proposes a sale of real property by within

    60 days. According to Part 1.d., regular monthly mortgage payments shall not be maintained.

(b) Part 4.a. proposes to cure the default to Secured Creditor with proceeds from the sale of the property and shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered.

3. Secured Creditor objects to confirmation of the Plan for the reasons which follow:

(a) Secured Creditor holds a mortgage on Debtor(s) principal residence located at 10 Pacific Terrace, Hazlet, NJ 07730. As of the date of the bankruptcy filing, the account was in default on the terms of the Note and Mortgage. Total arrears due to Secured Creditor through the plan is $46,883.05. The total claim is $143,091.17. Secured Creditor filed a proof of claim with the Court on March 6, 2023. *See* Claims Register No. 6.

(b) Part 1 if the Plan fails to propose full regular monthly mortgage payments. In the event the debtor is not seeking to pay full regular monthly mortgage payments, Secured Creditor objects. Payments are subject to change in accordance with the terms of the underlying note and mortgage as well as applicable federal, state and bankruptcy law. Any failure to maintain full regular monthly mortgage payments is

      prejudicial and does not adequately protect Secured Creditor.

(c) 11 U.S.C. 1322(b)(5) allows for "cure" of defaults within a reasonable time and "maintenance" of regularly scheduled payments on long term debt while the case is pending. The Plan fails to satisfy this requirement. In addition the delaying the cure of prepetition arrears, the debtor has proposed a plan that circumvents the intent of the *Order Resolving Motion to Vacate Stay* entered on April 23, 2024. *See* ECF No. 49. Secured Creditor agreed to allow Debtor to cure post-petition arrears through the Plan with the knowledge that it was a "cure and maintain" plan, not a sale plan.

(d) 11 U.S.C. 1325(a)(3) requires the Plan be proposed in good faith and not by any means forbidden by law. The Plan is fully dependent upon the completion of a sale. There is no independent, feasible means for curing arrears. No listing agreement or proof of marketing has been provided. Until a sale is completed, little or no money will be paid toward the arrears. The debtor does not indicate whether the sale is to be completed within 60 days of the filing of the Plan or the entry of an order confirming plan. Further, no alternative treatment is proposed in the event a sale is not completed by a specific deadline.

    Therefore, Secured Creditor objects as the treatment is speculative and may not be feasible.

  (e) Furthermore, Secured Creditor objects to confirmation in that if there is a post-petition delinquency at the time of confirmation and the case is dismissed, then any excess funds that the Chapter 13 Trustee is holding be released to Secured Creditor. Absent the release of any excess funds, Secured Creditor is substantially harmed as Debtor(s) would have enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order Confirming Plan, confirmation must be denied.

 4. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to the Plan and confirmation thereof.

 5. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

      **FEIN, SUCH, KAHN & SHEPARD, P.C.**
      Attorneys for Secured Creditor

      /s/ R.A. Lebron, Esq.
      R.A. LEBRON, ESQ.

DATED: December 31, 2024

cc: Lee Martin Perlman – Debtor(s)' Attorney
   Albert Russo – Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY (Trenton)

| IN RE: | Case No.: 23-10104 MBK |
|---|---|
| WILLIAM F. HERTZKE, JR. and KAREN HERTZKE | Chief Judge Michael B. Kaplan |
| Debtor(s) | Chapter: 13 |

# CERTIFICATE OF SERVICE OF
# OBJECTION TO CONFIRMATION OF MODIFIED PLAN

    I, the undersigned, hereby verify that on *December 31, 2024*, a true and correct copy of the Objection to Confirmation of Modified Plan was electronically served upon the following using the Court's CM/ECF system:

Debtor's Attorney:  LEE MARTIN PERLMAN
Trustee:  ALBERT RUSSO
Office of the United States Trustee

    Further, I certify that, on *December 31, 2024*, a true and correct copy of the Objection to Confirmation of Modified Plan was forwarded via U.S. Mail, first class postage prepaid and properly addressed, to the following at the address shown below:

***Debtor(s):***

WILLIAM F. HERTZKE, JR.
KAREN HERTZKE
10 PACIFIC TERRACE
HAZLET, NJ 07730

***Debtor's Attorney:***

LEE MARTIN PERLMAN
LEE M. PERLMAN
1926 GREENTREE ROAD
SUITE 100
CHERRY HILL, NJ 08003

***U.S. TRUSTEE:***

```
U.S. TRUSTEE
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
ONE NEWARK CENTER STE 2100
NEWARK, NJ 07102
```

                                        By: */s/Ruth Essington*
                                            Paralegal
                                            PNC BANK, NATIONAL ASSOCIATION
                                            FEIN, SUCH, KAHN & SHEPARD, P.C.
                                            6 CAMPUS DRIVE, SUITE 304
                                            PARSIPPANY, NEW JERSEY 07054
                                            (973)538-4700